Liliuokalani Martin (SBN 292778)
lili@downtownlalaw.com
**DOWNTOWN LA LAW GROUP, LLP**
540 South Sante Fe
Los Angeles, California 90013
Tel.: (213) 389-3765
Fax.: (213) 389-2775

Attorneys for Plaintiff
BRITTNEY JOHNSON

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY JOHNSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DARKNESS VENTURES, LLC, a New York limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:23-cv-09378-JAK-SSC<br><br>**PLAINTIFF BRITTNEY JOHNSON'S SUPPLEMENTAL BRIEFING IN SUPPORT OF PLAINTIFF'S MOTION TO APPROVE PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LILIUOKALANI MARTIN; [PROPOSED] ORDER**<br><br>Date:  December 1, 2025<br>Time:  9:00 a.m.<br>Courtroom:  10C<br><br>Complaint Filed: March 6, 2023<br>Trial: None set |

## I. INTRODUCTION AND STATEMENT OF FACTS

On December 1, 2025, Plaintiff's Motion for Approval of the PAGA settlement was heard by the Court. The Court ordered Plaintiff to file a statement regarding the basis for the estimated maximum penalties.

On December 17, 2024, the Plaintiff and Defendant (collectively the "Parties") participated and engaged in an all-day mediation session that was presided over by Michael Diliberto, Esq., an experienced mediator of wage and hour PAGA actions. Prior to the mediation Defendant produced a sampling of time records for approximately 40 employees. Based off the sampling of the time records, Plaintiff estimated that there would be a maximum penalty of approximately $500,000.00. This estimate was discussed with the mediator, as well as Defendant's defenses in the case and their financial solvency. Plaintiff evaluated the risk of moving forward with litigation on the PAGA claim and the possibility of not being successful. Plaintiff also considered that even if Plaintiff prevailed on the proving the merits of her PAGA claim, Defendant could persuasively argue that the Court should exercise its discretion, under Labor Code § 2699(e), to reduce the amount of civil penalties assessed. A Court in a PAGA action has the same discretion "to assess a civil penalty" that the Labor Commissioner would have, as well as complete discretion to "award a lesser amount than the maximum civil penalty amount specified [by PAGA] if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory."

In light of these arguments and the potential risks, Plaintiff's counsel determined that the settlement was fair and reasonable. The amount of the PAGA settlement is sufficient to serve the policy rationale underlying the PAGA.

\\
\\

Dated: December 5, 2025         **DOWNTOWN LA LAW GROUP, LLP**

By: _____/s/ Liliuokalani Martin_____
        Liliuokalani Martin
        Attorney for Plaintiff
        BRITTNEY JOHNSON

**DECLARATION OF LILIUOKALANI MARTIN**

I, Liliuokalani Martin, do declare:

1. I am an attorney at law licensed to practice before all courts of the State of California and am an attorney in the litigation department of the DOWNTOWN LA LAW GROUP, counsel for Plaintiff herein. I have personal knowledge of the facts set forth herein, including based upon my personal review of the case file, and if called upon as a witness could and would testify competently thereto. I file this declaration in support of Plaintiff's motion for approval of PAGA settlement.

2. Plaintiff BRITTNEY JOHNSON (hereinafter "Plaintiff") submitted her PAGA Notice to the Labor and Workforce Development Agency ("LWDA") on April 20, 2022.

3. On March 6, 2023, Plaintiff brought this action asserting violations of the Labor Code, including failure to pay wages, failure to pay minimum wages, failure to pay overtime, failure to provide meal and rest breaks, failure to provide itemized wage and hour statements, waiting time penalties, failure to inspect personnel and payroll records, as well as violation of unfair competition under California Business & Profession Code §17200, and a cause of action under the Private Attorney General Act ("PAGA") against her former employer, Defendant DARKNESS VENTURES LLC, a New York limited liability company. Plaintiff also alleged claims for discrimination, retaliation, failure to prevent discrimination and harassment, California Family and Rights Act retaliation, failure to accommodate, failure to engage in a good faith interactive process in violation of §§12940, as well as retaliation in violation of Labor Code section 98.6, 1102.5, and 1102.6, and wrongful termination in violation of public policy.

4. On or about August 27, 2025, Defendant filed its Answer to Plaintiff's Complaint on or about November 6, 2023. From November 6, 2023, Plaintiff and Defendant (collectively, the "Parties") litigated this case, which included engaging

1  in formal and informal discovery and settlement negotiations, and which further
2  included mediation with highly respected employment mediator Michael Diliberto
3  on December 17, 2024.

4      5.     Although the Parties did not settle at mediation, the Parties continued
5  with informal negotiations.

6      6.     On May 5, 2025, the Parties reached a settlement in this action, which
7  includes attorneys' fees and costs, in full and final settlement of all claims in this
8  action. The parties entered a Memorandum of Understanding pending the approval
9  of the PAGA settlement. The Parties will then enter into a Settlement Agreement
10 and Release. Exhibit B.

11     7.     As part of the Memorandum of Understanding, Defendant agreed to pay
12 a total settlement amount of $91,000.00 as a final resolution of all of Plaintiff's
13 PAGA claims including administration costs, attorneys' fees and costs, and
14 $1,000.00 enhancement award to Plaintiff for bringing the PAGA claim. 33% or
15 $30,030.00 of the total settlement amount will be paid to Plaintiff's counsel for
16 attorneys' fees, costs incurred in litigating the PAGA claim. Settlement
17 administrator costs will not exceed $15,000.00. Attached hereto as Exhibit A is a
18 true and correct copy of the Memorandum of Understanding.

19     8.     The Parties agreed to allocate to the resolution of Plaintiff's PAGA
20 claim as brought forth in this action with Seventy-Five Percent (75%) or
21 $37,250.03, allocated for PAGA paid directly to the California Labor and
22 Workforce Development Agency ("LWDA"), and Twenty-Five Percent (25%), or
23 $12,416.68, paid to the other 187 "aggrieved employes". The PAGA settlement is
24 contingent upon this Court's approval of the PAGA settlement portion. Attached
25 hereto as Exhibit B is a true and correct copy of the Settlement Agreement.

26     9.     The Parties agreed that "Aggrieved Employees" means all current and
27 former misclassified as exempt and non-exempt hourly employees working in
28

California identified by Darkness Ventures, LLC, including Plaintiff, during the period from February 14, 2021, through the date of entry of a Court order granting approval of this settlement.

10. The proposed settlement shall be submitted to the Labor and Workforce Development Agency ("LWDA") while it is submitted to the Court, and the LWDA is being served with this motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 5, 2025, at Los Angeles, California.

                /s/ Liliuokalani Martin
                Liliuokalani Martin